CARRINGTON *vs.* THE PACIFIC MAIL STEAMSHIP COMPANY.

The whole charge of a district judge to the jury should be taken together, and when considered in this way, if it appear that the jury could not have been misled by it, a new trial will not be granted; although some of the instructions may, in slight respects, be repugnant to each other.

APPEAL from the district court of the fourth judicial district. The facts are fully stated in the opinion of the court.

————————, for the plaintiff.

*Hall McAllister*, for the defendants.

*By the Court*, BENNETT, J. The plaintiff made a contract with the defendants to carry him from New Orleans, on their steamer, which was to leave that city for Chagres on the 15th day of December, 1849. He arrived at New Orleans on that day, and, upon ascertaining that the ticket which he had bargained for, was not a "through ticket" to California, but was only for his conveyance to Chagres, he desired to exchange it for a through ticket on the steamer which was to leave New Orleans on the 15th day of January. The agents of the defendants, Messrs. Paradise, Laurisson & Co., assented to this, but refused to release the plaintiff from his engagement to take passage by the steamer of December 15th, unless he would pay them ten dollars. The plaintiff accordingly paid the ten dollars.

The agents then informed the plaintiff, that on the 17th day of December, they would sell to the first applicants, forty through steerage tickets for the steamer which was to sail from New Orleans on the 15th day of January, and the plaintiff then made a deposit with the agents of two hundred dollars in payment for one such ticket for that steamer. On the morning of the 17th day of December, the plaintiff applied at the office of the defendants for the ticket which he had thus paid for, and was the first applicant, but was informed that the tickets had not arrived from New York, and that he could not be furnished with one at that time. They accordingly gave him a receipt acknowledging the purchase of, and payment for, one such ticket.

On the 9th of January, the plaintiff presented his receipt at the office of the defendants, and demanded his ticket, when he was told by their agents that all the tickets had been given out; and that they could not furnish him with a through ticket on the steamer *Oregon*, which was to connect on the Pacific side with the steamer which was to leave New Orleans on the 15th of January, but that they could furnish him with a ticket by the last named steamer for Chagres, and with a ticket from Pa-

Carrington *v.* The Pacific Mail Steamship Co.

nama by the steamer *Tennessee*, which was the next in the line after the *Oregon*. The plaintiff was obliged to accept of this last proposition. He arrived in Panama in time to take the steamer *Oregon*, and would have taken it, if the defendants had fulfilled their original contract with him, but, in consequence of their violation of their contract, he was detained in Panama from the 1st of February to the 24th of March, on which last day he sailed from there on the *Tennessee*, and, on his arrival at San Francisco, instituted this action to recover damages for the breach of the contract made with the defendants. It appeared on the trial, in addition to the facts above stated, that the plaintiff was taken sick at Panama, and was sick most of the time while he remained there, as well as during his voyage from there to San Francisco ; and that the defendants, on the passage from Panama to San Francisco, neglected to provide him with a berth, as they were required by their contract to do. The cause was tried before a jury, who found a verdict of $1000 in favor of the plaintiff.

I think the verdict small enough for the loss of time, inconvenience, expense and sickness, which the plaintiff was subjected to by reason of the breach of contract by the defendants, and I do not feel disposed to disturb the verdict, unless I am compelled to do so on account of improper instructions by the court.

The evidence is sufficient to warrant the jury in finding that Messrs. Paradise, Laurisson & Co., were the agents of the defendants, and had authority to make the contract which they did make to convey the plaintiff to San Francisco. This point may, therefore, be dismissed.

At the request of the plaintiff, the court charged the jury that if they could trace the sickness of the plaintiff to his detention at Panama as a direct cause, they could give damages for such sickness. We are not called upon to say whether this instruction was proper or not, inasmuch as the court, at the request of the defendants, also charged the jury that the sickness of the plaintiff was too remote a consequence to authorize them to consider it in forming their estimate of damages.

This disposes of the instructions of the court asked for by the plaintiff.

As to the instructions asked by the defendants. The court charged the jury as requested by them on all their instructions, being fifteen in number, with the exception of two.

One of these was, that the direct pecuniary loss of the plaintiff was the measure of damages; but the court had already given that instruction, so far as it could be applicable to the facts of this case, by charging the jury, as above stated, in respect to the sickness of the plaintiff, and by further instructing them, that the amount of profits which the plaintiff might have made had he not been detained at Panama, could not be deemed any criterion by which they were permitted to estimate the damages. The whole charge of the court should be taken together, and viewing it in this way, I do not see that it was incorrect, or that the jury could have been misled by any part of it. The judgment should be affirmed.

Ordered accordingly.